## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSHUA JENSEN,**

**Plaintiff,**

v.                                                  **CASE NO. 25-3134-JWL**

**PAM BONDI, ET AL.,**

**Defendants.**

## MEMORANDUM AND ORDER

This case began on July 14, 2025, when Plaintiff and Kansas state prisoner Joshua Jensen filed a "Complaint and Request for Injunction" (Doc. 1), a civil cover sheet (Doc. 2), a motion for leave to proceed without prepayment of fees (Doc. 3), and a motion for appointment of counsel (Doc. 4) in this Court. The complaint named as Defendants United States Attorney General Pam Bondi and Director of the Federal Bureau of Investigation "Cash Patel [*sic*]."[1] (Doc. 1, p. 2.) Plaintiff asserted generally that his claims are based on "civil rights violations." *Id.* At another point in the complaint, Plaintiff asserts he has received inadequate vision care and mental health care. *Id.* at 4. A brief attached to the complaint refers to "obstruction of mail," a prison official's refusal to sign and receive a form that would have allowed Plaintiff to call a witness for a disciplinary hearing, retaliation, harassment, censorship, deprivation of procedural and substantive rights, a strip search, inadequate medical care, violations of the Racketeer Influenced and Corrupt

---

[1] In the complaint, Plaintiff spelled Defendant Patel's name as "Cash Patel." The correct spelling of FBI Director Patel's first name is "Kash." *See* https://www.fbi.gov/about/leadership-and-structure/director-patel (last accessed Aug. 14, 2025). The Court will direct the clerk to amend the caption of this matter to reflect the correct spelling. *See* Fed. R. Ev. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Organizations Act (RICO), Medicaid and Medicare fraud, and violations of the Sherman Anti-Trust Act. *Id.* at 7-10. As relief, Plaintiff seeks $15,000,000.00 and an order "to lower [i]nmate population." *Id.* at 5.

When a prisoner files in this Court a civil rights complaint "under 42 U.S.C. § 1983 and pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)," Local Rule 9.1 requires the use of specific forms "approved by the court." *See* D. Kan. Rule 9.1(a). The same rule requires any plaintiff "who tenders a petition, motion, or complaint without prepayment of fees must: (A) complete the motion for leave to proceed without prepayment of fees on the form supplied by the clerk . . . ." D. Kan. Rule 9.1(g)(1).

Because neither Plaintiff's complaint nor his motion to proceed without prepayment of fees was on the required form, the Court followed its standard practice and issued a notice of deficiency. (Doc. 5.) The notice of deficiency advised Plaintiff that neither his complaint nor his motion to proceed without prepayment of fees was on the required form, a deficiency he was required to correct within 30 days. *Id.* at 1. Thus, Plaintiff was granted until August 14, 2025 in which to re-submit his complaint on the correct form and to submit his motion to proceed without prepayment of fees on the required form. *Id.* at 2. Plaintiff was cautioned: "If you fail to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

The forms and a copy of the notice of deficiency were mailed to Plaintiff at his address of record, Norton Correctional Facility, on July 15, 2025. On July 28, 2025, the Court received the mail as returned; it was marked "refused by inmate." (Doc. 6.) After determining that Plaintiff was at that point incarcerated at Lansing Correctional Facility (LCF), the notice of deficiency was

remailed to Plaintiff at LCF. This matter comes now before the Court on Plaintiff's motion for extension of the deadline to comply with the notice of deficiency (Doc. 10) and several other motions he has filed. Because Plaintiff proceeds pro se, this Court liberally construes his pleadings and motions. *Erickson v. Pardus*, 552 U.S. 89, 94 (2007). But it "will not construct a legal theory on [P]laintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### Motion for Extension of Time (Doc. 10)

The motion for extension of time will be granted and the deadline by which Plaintiff must comply with the notice of deficiency will be extended to and including September 22, 2025. The If Plaintiff fails to fully comply with the notice of deficiency on or before September 22, 2025, this matter will be dismissed without prejudice and without further prior notice to Plaintiff.

In the motion for extension of time, Plaintiff states that he "struggles to understand" why the Court has told him he must change his complaint from "a standard Complaint and Injunction with diversity form for Civil Action, to a 28 U.S.C. § 1331." (Doc. 10, p. 1.) As the Court has set forth above, the Local Rules require prisoners to use specific forms approved by this Court. One reason the Court requires the use of specific forms is that they allow the Court to readily determine the nature of a plaintiff's claims and the facts supporting each claim, as well as other necessary information. Put another way, the court-approved form helps the Court to identify the particular claims being asserted by providing specific places for a plaintiff to identify each individual defendant, each count, and the facts that support each count. The Court cannot make this determination from the current complaint.

The Court has two forms by which prisoners may assert civil rights claims: the § 1331 form and a form for claims brought under 42 U.S.C. § 1983. Under 28 U.S.C. § 1331, this Court, as a federal district court, has "original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States." It appears from the complaint filed by Plaintiff that he wishes to bring claims that arise under federal law, namely violations of his federal civil rights.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that his or her federal rights were violated by a named defendant who was acting "under color of *state* law." *See West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). The two named Defendants in this case are federal officials—the United States Attorney General and the FBI Director—and there is no indication that either Defendant exercised any authority granted by *state* law. Thus, the § 1331 form was most appropriate. If Plaintiff wishes to bring claims in this matter that Kansas Department of Corrections officials violated his civil rights, he should utilize a § 1983 form and name those officials as Defendants. To the extent that Plaintiff may be concerned about the inability to file a combined complaint and request for a preliminary injunction, he may file a separate motion for preliminary injunction at the time he files the complaint, but the complaint must be on the required form.

### Motion to Compel (Doc 7)

Relatedly, Plaintiff has filed a motion to compel, in which he asks the Court to order the Clerk of this Court to send him "available court[-]approved forms mentioned in D. Kan. Rule 9/1(a)" as soon as possible. (Doc. 7, p. 1 (capitalization normalized).) The motion includes a lengthy list of what appears to be items Plaintiff seeks. *Id.* at 1-2. The list includes: "A list of Templates listed on ksd.uscourts.gov"; "interrogatories x 20"; "Breach of Contract x 5"; "Breach of Fiduciary Duty x 5"; "Summons x 20"; "Attorney General Guidelines for victim & witness Assistance 2000"; "22 U.S.C. § 8213 ACTION"; the Administrative Procedure Guide; and a ream of lined paper. *Id.* In addition to the other items on the list, Plaintiff asks for "all forms, instructions, procedures and rules required to proceed with your court pursuant to []5 U.S.C. § 552(a)(1)(C)"

and "duplicate forms without case [number] 3134-JWL." *Id.* at 2.

This motion will be denied. First, the authority cited by Plaintiff as authority for his motion does not require that the Court provide Plaintiff with all of the items on his list at no cost to him. Plaintiff cites 5 U.S.C. § 552(a)(1)(C), but that statute requires federal administrative agencies to "make available to the public" certain information by stating and publishing the information in the Federal Register. Nothing in this statute requires this Court or its Clerk to provide materials to Plaintiff at no cost.

Plaintiff also cites 28 U.S.C. § 1361, which grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 34 (1980). It is available only for a plaintiff who "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Plaintiff's desire for items such as lined paper does not create an extraordinary situation, he has not shown that the Clerk of this Court has a clear, nondiscretionary duty to provide the requested items at no cost to Plaintiff, and Plaintiff has not alleged that he has exhausted all other avenues by which he could obtain these materials. Thus, mandamus relief is not available.

Under Local Rule 9.1(a), the clerk of this Court will, upon request, mail to a prisoner hard copies of the forms required to file: "(1) petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254; (2) motions to vacate sentence pursuant to 28 U.S.C. § 2255; . . . (3) motions to correct or reduce sentence pursuant to Fed. R. Crim. P. 35 by persons in custody pursuant to a judgment of a court"; and (4) "civil rights complaints by prisoners under 42 U.S.C.

5

and pursuant to *Bivens* . . . ." D. Kan. R. 9.1(a). Many other forms and templates are available at no cost on the Court's website, and Plaintiff is welcome to access those forms online at https://www.ksd.uscourts.gov/forms-home. The Court declines to provide to Plaintiff a list of all forms available on the website and it will not provide him free copies of every form available there. The request is overbroad and granting it would not be an efficient use of judicial resources.

In the interest of efficiency, however, the Court will direct the clerk's office to send to Plaintiff, along with this order, one copy each of the forms required for use in filing a petition for habeas relief under 28 U.S.C. § 2241 or § 2254, a motion to vacate sentence under 28 U.S.C. § 2255, a motion to correct or reduce sentence under Fed. R. Crim. P. 35, and a civil rights action under 42 U.S.C. § 1983 or *Bivens*. No other forms will be provided at this time, but—as noted above—Plaintiff may access additional forms on this Court's website and he may request additional copies of the forms be provided to him at no cost by sending a written request to the clerk's office.

**Motions for Appointment of Counsel (Docs. 4 and 11)**

Plaintiff has filed two motions for appointment of counsel. (Docs. 4 and 11.) He states that he is a citizen of the Creek Nation and he demands that the United States Attorney represent him, pursuant to 25 U.S.C. § 175. (Doc. 4, p. 4; Doc. 11, p. 1.) That statute states: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. The Tenth Circuit has clearly held that "[a]lthough § 175 authorizes the United States Attorney to represent Indians on allotted lands, it does not create a mandatory duty to do so." *See Davis v. Bridges*, 2024 WL 140026, *11 (10th Cir. Jan. 12, 2024) (unpublished) (citing *Navajo Nation v. San Juan Cnty.*, 929 F.3d 1270, 1278 (10th Cir. 2019)). Thus, 25 U.S.C. § 175 does not require this Court to compel the United

States Attorney to represent Plaintiff in this case.

In addition, there is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, granting Plaintiff's motions would means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in [civil rights] cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet

clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motions to appoint counsel without prejudice.

### Motion to Declare a Civil Rules Emergency (Doc. 8)

Plaintiff has filed a "Motion to Declare a Civil Rules Emergency" in which he purports to declare an emergency under Rule 87 of the Federal Rules of Civil Procedure. (Doc. 8, p. 1.) Rule 87(a) states:  "The Judicial Conference of the United States may declare a Civil Rules emergency if it determines that extraordinary circumstances relating to public health or safety, or affecting physical or electronic access to a court, substantially impair the court's ability to perform its functions in compliance with these rules." Fed. R. Civ. P. 87(a). "A single federal judge lacks the authority to suspend the rules" under Rule 87. *Escalante v. Droege*, 2024 WL 896205, *4 (D. Kan. Mar. 1, 2024) (unpublished) (noting language in Rule 87(a) that gives "'the Judicial Conference of the United States' the power to 'declare a Civil Rules emergency'"). Similarly, Rule 87 does not give Plaintiff the authority to declare a Civil Rules emergency. The plain language of Rule 87 grants that authority to the Judicial Conference of the United States. Thus, this motion will be denied.

### Motion to Constitutionally Challenge Statutes (Doc. 9)

Plaintiff has filed a "Motion to Constitutionally Challen[g]e Statutes," which he states is filed pursuant to Federal Rule of Civil Procedure 5.1. (Doc. 9.) Plaintiff asserts in this motion that the Prisoner Litigation Reform Act (PLRA) violates the First Amendment by abridging the right to petition the government for redress, limiting access, and "opening the chances for retaliation in all its forms." *Id.* Despite being titled as a motion, Plaintiff does not ask this Court to take any action.

Rule 5.1 requires a party that files a pleading, motion, or other paper questioning the

constitutionality of a federal statute to "file a notice of constitutional question stating the question and identifying the paper that raises it, if: (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity." Fed. R. Civ. P. 5.1(a)(1). The party also must serve the notice and paper on the Attorney General of the United States. Fed. R. Civ. P. 5.1(a)(2). After notice and service, the Court must, in compliance with 28 U.S.C. § 2403, certify to the Attorney General that a statute has been questioned. Fed. R. Civ. P. 5.1(b).

In this case, Plaintiff has not yet filed a complaint on the required, court-approved form and even liberally construing the complaint he has filed, it does not raise the constitutionality of the PLRA as a claim. (Doc. 1.) Additionally, the only two Defendants named thus far are both officers of the United States, one as the Attorney General of the United States and the other as the FBI Director. Thus, Rule 5.1 does not apply in this case at this time and the motion will be denied. If Plaintiff files a complaint on the proper form and a claim in that complaint implicates Rule 5.1, he may at that time file the notice required by Rule 5.1.

**IT IS THEREFORE ORDERED** that the Clerk of this Court shall amend the caption of this matter to reflect the correct spelling of Defendant Patel's first name, which is "Kash." The clerk also is directed to provide to Plaintiff one copy of each form—with no preprinted case number—required for use in filing (1) a petition for habeas relief under 28 U.S.C. § 2241, (2) a petition for habeas relief under 28 U.S.C. § 2254, (3) a motion to vacate sentence under 28 U.S.C. § 2255, (4) a motion to correct or reduce sentence under Fed. R. Crim. P. 35, (5) a civil rights action under 42 U.S.C. § 1983, and (6) a civil rights action under *Bivens*.

**IT IS FURTHER ORDERED** that the motion for extension of time (**Doc. 10**) is **granted**.

Plaintiff is granted to and including **September 22, 2025**, in which to comply with the notice of deficiency (Doc. 5). If Plaintiff fails to fully comply with the notice of deficiency on or before this date, this matter will be dismissed without prejudice and without further prior notice to Plaintiff.

      **IT IS FURTHER ORDERED** that the motions for appointment of counsel (**Docs. 4 and 11**), the motion to compel (**Doc. 7**), the motion to declare a civil rules emergency (**Doc. 8**), and the motion to constitutionally challenge statutes (**Doc. 9**) are **denied** for the reasons stated in this order.

      **IT IS SO ORDERED.**

      DATED: This 15th day of August, 2025, at Kansas City, Kansas.

                         S/ John W. Lungstrum
                         JOHN W. LUNGSTRUM
                         United States District Judge