IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

                **Plaintiff,**

v.                                         CASE NO. 25-3134-JWL

PAM BONDI, ET AL.,

                **Defendants.**

## MEMORANDUM AND ORDER

This is a pro se civil rights action brought by Plaintiff and Kansas state prisoner Joshua Jensen. Plaintiff has been granted leave to proceed without full prepayment of fees. (Doc. 18.) His initial partial filing fee of $34.00 is due on or before September 25, 2025. *Id.* This matter comes now before the Court on Plaintiff's motion to enforce a judgment (Doc. 14), motion to compel (Doc. 15), motion for issuance of subpoena (Doc. 16), and request for forms (Doc. 17).

### Motion to Enforce a Judgment (Doc. 14)

On August 15, 2024, the Court issued a memorandum and order (M&O) ruling on several motions before the Court in this matter. (Doc. 12.) As relevant to Plaintiff's current motion to enforce a judgment, the M&O stated:

> Under Local Rule 9.1(a), the clerk of this Court will, upon request, mail to a prisoner hard copies of the forms required to file: "(1) petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254; (2) motions to vacate sentence pursuant to 28 U.S.C. § 2255; . . . (3) motions to correct or reduce sentence pursuant to Fed. R. Crim. P. 35 by persons in custody pursuant to a judgment of a court"; and (4) "civil rights complaints by prisoners under 42 U.S.C. and pursuant to *Bivens* . . . ." D. Kan. R. 9.1(a). Many other forms and templates are available at no cost on the Court's website, and Plaintiff is welcome to access those forms online at https://www.ksd.uscourts.gov/forms-home. The Court declines to provide to Plaintiff a list of all forms available on the website and it will not provide him free copies of every form available there. The request is overbroad and granting it

1

> would not be an efficient use of judicial resources.
>
> In the interest of efficiency, however, the Court will direct the clerk's office to send to Plaintiff, along with this order, one copy each of the forms required for use in filing a petition for habeas relief under 28 U.S.C. § 2241 or § 2254, a motion to vacate sentence under 28 U.S.C. § 2255, a motion to correct or reduce sentence under Fed. R. Crim. P. 35, and a civil rights action under 42 U.S.C. § 1983 or *Bivens*. No other forms will be provided at this time, but—as noted above—Plaintiff may access additional forms on this Court's website and he may request additional copies of the forms be provided to him at no cost by sending a written request to the clerk's office.

(Doc. 12, p. 5-6.)

In the motion to enforce a judgment now before the Court, Plaintiff asks the Court to "enforce this order that gives [Plaintiff] access to the website . . . to be able to view and print all the forms and templates that are free." (Doc. 14, p. 1.) Plaintiff further asks the Court to order the Kansas Department of Corrections (KDOC) "to comply with this court[']s order since it is part of your system." *Id.* Plaintiff states that he makes this request pursuant to Rule 70(d) of the Federal Rules of Civil Procedure. *Id.* Rule 70(d) states: "On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." Fed. R. Civ. P. 70(d).

The motion will be denied. The M&O did not order the KDOC—which is not a party to this case—to do anything, nor did the M&O "give [Plaintiff] access to the website." The M&O, as seen in the language set forth above, held that Plaintiff is not entitled to have this Court provide free hard copies of all of the forms available on the website, but he "is welcome to access" and he "may access" those forms through the website. (Doc. 12, p. 5-6.) The M&O contains no order directed to the KDOC, so there is no part of the M&O with which the KDOC is required to comply.

## Motion to Compel (Doc. 15)

Plaintiff in this motion asks the Court to issue an order compelling the Clerk to mail him

"a motion to correct or reduce sentence under [Federal Rule of Criminal Procedure] 35." (Doc. 15, p. 1.) This request is denied. A Rule 35 form is not appropriate for filing in this civil rights action and it does not appear that Plaintiff is under a federal criminal sentence imposed by this Court. As the M&O explained, Plaintiff that he may request copies of forms be provided to him at no cost by sending a written request to the clerk's office. *Id.* at 6.

The Court notes that Plaintiff has submitted a separate request for forms. (Doc. 17.) The request was filed in this case because Plaintiff wrote the case caption and case number of this case at the top of the request, and it will be addressed later in this order. If Plaintiff wishes to request forms for use in a lawsuit not docketed in this Court, he should write to the clerk's office—without putting a case caption or case number on the request—and identify the form or forms he is requesting.[1]

In the motion to compel, Plaintiff also asks the Court to issue an order, "[p]ursuant to 28 U.S.C. § 1361," compelling the Clerk "to notify the Judicial Conference of the United States" that Plaintiff requests a civil rules emergency be declared under Rule 87 of the Federal Rules of Civil Procedure. (Doc. 15, p. 1.) As previously explained to Plaintiff, the mandamus remedy under 28 U.S.C. § 1361 "is available only for a plaintiff who 'has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" (Doc. 12, p. 5.) Plaintiff provides no legal authority that creates a clear nondiscretionary duty of the Clerk to notify the Judicial Conference that Plaintiff desires declaration of a civil rules emergency under Rule 87. Thus,

---

[1] The clerk's office generally will provide the following forms upon request: (1) Application to Proceed Without Prepayment of Fees and Affidavit by a Prisoner; (2) Application to Proceed on Appeal Without Prepayment of Fees and Affidavit by a Prisoner; (3) Civil Rights Complaint under 28 U.S.C. § 1331; (4) Civil Rights Complaint under 42 U.S.C. § 1983; (5) Motion for Appointment of Counsel; (6) Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) – Compassionate Release; (7) Motion to Vacate Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255; (8) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241; and (9) Petition for Relief from Conviction or Sentence by a Person in State Custody under 28 U.S.C. § 2254. Other forms may be provided, but only at the Court's discretion.

mandamus relief is not appropriate here.

Finally, Plaintiff asks this Court in his motion to compel to identify for him the steps to take in order to appeal the denial of motions in this case. (Doc. 15, p. 1.) The Court cannot give Plaintiff legal advice. *See, e.g.*, *Kruskal v. Martinez*, 859 F. App'x 336, 338 (10th Cir. 2021) (unpublished) (holding that a federal district court "could not give legal advice" to a pro se litigant who sought information about where to file his appeal); *Betts v. Spies*, 2022 WL 1288421, *1 (D. Kan. April 29, 2022) (unpublished) ("[T]he Court cannot provide Plaintiff with legal advice."). Information about the procedures for initiating an appeal are set forth in Rules 3, 4, and 5 of the Federal Rules of Appellate Procedure. Information regarding interlocutory appeals[2] also may be found in 28 U.S.C. § 1292. Additional information is available on the website of the United States Court of Appeals for the Tenth Circuit.

## Motion for Issuance of Subpoena (Doc. 16)

Plaintiff has filed with this Court a subpoena, which is liberally construed as a motion for issuance of subpoena. (Doc. 16.) Discovery in this case has not yet commenced. *See* Fed. R. Civ. P. 26(d). Thus, the motion is denied without prejudice as premature.

## Request for Forms with Instructions (Doc. 17)

As noted above, Plaintiff has submitted a request for forms. (Doc. 17.) Because Plaintiff wrote the caption and case number of this case on his request, it has been filed in this case. Plaintiff seeks the following: (1) "42 USC 2000dd"; (2) "42 USC 2000b"; (3) "42 USC 2000g"; (4) "42 USC 12133"; (5) "42 USC 12188"; (6) "5 cover sheets"; (7) "5 summons"; and (8) 5 subpoenas. (Doc. 17 (all errors in original).) The first 5 items on this list are federal statutes and the Court is unaware of any "forms or instructions" related specifically to those statutes. To the extent that

---

[2] An interlocutory appeal is "[a]n appeal that occurs before the trial court's final ruling on the entire case." Black's Law Dictionary (12th ed. 2024).

Plaintiff seeks the form civil cover sheet, it is available through the Court's website and the Court sees no reason to provide a hard copy of the form to Plaintiff at no cost. A civil cover sheet is not required in this case. Plaintiff's request for summonses and subpoenas is premature. Thus, the request for forms with instructions (Doc. 17) will be denied.

The Court has not yet received from Plaintiff a complaint on the required, court-approved form. Until and unless the Court receives a complaint on the required, court-approved form, this matter will not proceed. (*See* Doc. 5 (explaining that if Plaintiff fails to "resubmit [his] complaint upon these forms[,] . . . this action may be dismissed without further notice for failure to comply with this court order").) When the Court receives the complaint on the required form, the Court will begin screening the complaint. The screening is required by federal statute because Plaintiff is a prisoner and proceeds without prepayment of fees. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Once the screening has been conducted, the Court will issue an order.

The Court will direct the Clerk to provide Plaintiff with a copy of the Prisoner Pro Se Filing Guide. Plaintiff's attention is directed to page four of that document, which states that unless otherwise directed by the Court, Plaintiff should not file any evidence, arguments, motions, or documents in this case until it has been screened. Any motions submitted to the Court before that time may be summarily denied as premature.

**IT IS THEREFORE ORDERED** that the motion to enforce judgment (**Doc. 14**), the motion to compel (**Doc. 15**), and the motion for issuance of subpoena (**Doc. 16**) are **denied without prejudice** for the reasons stated in this order. In addition, Plaintiff's request for forms (**Doc. 17**) is **denied**. The Clerk is directed to send Plaintiff a copy of the Prisoner Pro Se Filing Guide.

**IT IS SO ORDERED.**

DATED:  This 28th day of August, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge

Case 5:25-cv-03134-JWL   Document 19   Filed 08/28/25   Page 6 of 6