IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

      Plaintiff,

      v.                                      CASE NO.  25-3134-JWL

PAM BONDI, ET AL.,

      Defendants.

**MEMORANDUM AND ORDER**

This is a pro se civil action that began on July 14, 2025, when the Court received a complaint (Doc. 1), a civil cover sheet (Doc. 2), a motion for leave to proceed without prepayment of the filing fees (Doc. 3), and a motion for appointment of counsel (Doc. 4) from Plaintiff Joshua Jensen, a state prisoner currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. Neither the complaint nor the motion for leave to proceed without prepayment of the filing fees was on the required form, so on July 15, 2025, the Court issued a notice of deficiency (NOD) directing Plaintiff to resubmit his complaint and motion on the court-approved forms within 30 days. (Doc. 5.) The NOD expressly advised Plaintiff that if he "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

On August 14, 2025, Plaintiff filed five motions, one of which sought an extension of time to comply with the NOD. (Docs. 7 through 11.) On August 15, 2025, the Court issued a memorandum and order (M&O) that, in relevant part, granted Plaintiff an extension of time to comply with the NOD and addressed Plaintiff's question about why he was being directed to use a form complaint different than the one on which he originally filed this action. (Doc. 12, p. 3-4.) The Court granted Plaintiff to and including September 22, 2025 in which to comply with the NOD. *Id.* at 3. The M&O expressly

1

cautioned Plaintiff that if he "fails to fully comply with the notice of deficiency on or before this date, this matter will be dismissed without prejudice and without further prior notice to Plaintiff." *Id.* at 10.

Since that time, Plaintiff has filed a motion for leave to proceed in forma pauperis on the required, court-approved form (Doc. 13), which the Court granted (Doc. 18). Plaintiff has also filed an additional four motions, a request for forms with instructions, an objection to the order assessing an initial partial filing fee. (Docs. 14 though 17 and 20 through 21.) He has not, however, submitted a complaint on the required, court-approved form, as required by the NOD.

The extended deadline to fully comply with the NOD has now passed and Plaintiff has not complied with the NOD's direction that he resubmit his complaint on the required, court-approved form. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Because Plaintiff has failed to fully comply with the NOD, the Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with a court order.

**IT IS SO ORDERED**.

Dated on this 24th day of September, 2025, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge